IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WAYNE PRICE,

    Petitioner,                 No. 2:13-cv-0991 DAD P

    vs.

DANIEL PARAMO, et al.,         ORDER AND

    Respondents.             FINDINGS & RECOMMENDATIONS

                          /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion for stay and abeyance.  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the petition for habeas corpus on its face, the court finds that petitioner has failed to exhaust state court remedies as to any of the claims contained in the petition. To the contrary, attached to petitioner's incomplete form federal petition is a copy of a habeas petition he filed in the Sacramento County Superior Court on March 25, 2013 seeking relief from the conviction he apparently seeks to attack in these federal habeas proceedings. (ECF No. 1 at 9.) Finally, at the same time he filed his federal habeas petition petitioner filed a motion for a stay and abeyance of this action during the pendency of his state court exhaustion proceedings. (ECF No. 3.) Thus, it is clear from the face of the pleadings that none of petitioner's claims have been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.[2] Accordingly, the petition should be dismissed without prejudice.[3]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either

/////

---

[2] Petitioner's motion to stay must be denied since the court only has authority, if at all, to stay mixed petitions that contain at least one exhausted claim. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition must be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For the reasons set forth in these findings and recommendations, petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether petitioner has exhausted state remedies.  Accordingly, a certificate of appealability should not issue in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to assign this action to a United States District Judge;

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's May 20, 2013 motion for stay and abeyance (ECF No. 3) be denied;

2. This action be dismissed for failure to exhaust state remedies; and

3. The district court decline to issue a certificate of appealability.

/////

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
pric13cv0991.dm